LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LANCE D. STUCKEY, JR., Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> APEX MATERIALS, LLC, ELKHORN ENVIRONMENTAL, LLC, WERDCO BC, INC., WERDCO LLC, BRENT CONRAD, BRANDON CONRAD, PATRICIA CONRAD, LAS VEGAS PAVING CORPORATION., TAB CONTRACTORS, INC., WILLIAM CHARLES CONSTRUCTION COMPANY, HARBER COMPANY, INC., John Does I to XX, name fictitious true name and number of persons being unknown, and XYZ Corporations I to XX, name fictitious true name of number of entities being unknown, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

COMES NOW Plaintiff, Lance D. Stuckey, Jr., Individually (the "named plaintiff") and on behalf of others similarly situated (the "collective action members"), by and through his attorneys, Leon Greenberg Professional Corporation, as and for a

1

Complaint for Violation of the Fair Labor Standards Act and Nevada State Law alleges as follows:

**JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

1. This Court has original federal question jurisdiction over the claims presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)). The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2. The plaintiff, Lance D. Stuckey, Jr., is currently a resident, and during all relevant times was a resident, of Clark County, Nevada, and is now a former employee of the defendant Apex Materials, LLC.

3. Defendant Apex Materials, LLC is a limited liability corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

4. Defendant Elkhorn Environmental, LLC is a limited liability corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

5. Defendant Werdco BC, Inc. is a domestic corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

6. Defendant Werdco, LLC is a limited liability corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

7. The defendants, Apex Materials, LLC, Elkhorn Environmental, LLC,

Werdco BC, Inc., and Werdco, LLC, (collectively the "Apex Defendants"), in respect to the activities of plaintiff and other persons who are recognized by Apex Materials, LLC, as its employees and carried on its payroll, share and interchangeably use the same equipment and personnel, engage in joint and overlapping activities, and are subject to common management, ownership, and control, and for the purposes of the FLSA constitute a single enterprise and joint employers of the plaintiff and the persons similarly situated to the plaintiff.

8. The defendant, Brent Conrad, is a resident of Clark County, Nevada.

9. The defendant, Brandon Conrad, is a resident of Clark County, Nevada.

10. The defendant, Patricia Conrad, is a resident of Clark County, Nevada.

11. The defendants, Brent Conrad, Brandon Conrad and Patricia Conrad, (collectively the "Individual Defendants") are owners, managers, members, officers, directors and/or controlling agents of the Apex Defendants and, as detailed herein, have acted as "employers or agents of an employer" of the plaintiff and the putative FLSA collective action members within the meaning of the FLSA and as a result are fully liable for all claims made herein arising under the FLSA.

12. Defendant Brent Conrad is the sole owner of one or more of the Apex Defendants.

13. Defendant Brent Conrad is a part owner of one or more of the Apex Defendants.

14. Defendant Brandon Conrad is the sole owner of one or more of the Apex Defendants.

15. Defendant Brandon Conrad is a part owner of one or more of the Apex Defendants.

16. Defendant Patricia Conrad is the sole owner of one or more of the Apex Defendants.

17. Defendant Patricia Conrad is a part owner of one or more of the Apex Defendants.

18. Defendant Brent Conrad is the sole member of one or more of the Apex Defendants.

19. Defendant Brent Conrad is a member of one or more of the Apex Defendants.

20. Defendant Brandon Conrad is the sole member of one or more of the Apex Defendants.

21. Defendant Brandon Conrad is a member of one or more of the Apex Defendants.

22. Defendant Patricia Conrad is the sole member of one or more of the Apex Defendants.

23. Defendant Patricia Conrad is a member of one or more of the Apex Defendants.

24. The Individual Defendants are personally liable for the FLSA violations alleged herein, and have "acted as an employer" within the meaning of the FLSA as alleged in paragraph 11, by committing the following acts and/or omissions: By having the plaintiff and other similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime ("time and one-half pay") for all hours they worked in excess of 40 hours per week as required by the FLSA. Such circumstances and policies were imposed by the Apex Defendants pursuant to the Individual Defendants' orders and/or as a result of the Individual Defendants' other decision making and/or the express assent, agreement and knowledge of the Individual Defendants, or some of them, despite the Individual Defendants, or some of them, being aware such policies were in violation of the FLSA and having the ability and authority to stop such violations of the FLSA, with the defendant Brandon Conrad having also obtained that knowledge in 2014 as a result of a lawsuit naming him as an FLSA defendant; and in continuing to have the Apex Defendants violate the FLSA and/or allow such violations, as alleged herein, despite having the authority and ability to stop such violations, such failure by the Individual Defendants to act and/or inform

themselves of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of the Apex Defendants and the Individual Defendants' personal enrichment was advanced by such violations of the FLSA and the Individual Defendants, or some of them, substantially profited from the Apex Defendants' FLSA violations and as a result took no actions to prevent or correct such violations.

25.  The "John Does I to XX" defendants are persons or entities whose identities are currently unknown to the plaintiff but when their identities are known will be appropriately identified in this case through an amended pleading, such "John Doe" persons or entities are alleged to be liable to the plaintiff and the putative FLSA collective action members pursuant to the FLSA for the same reasons and in the same fashion that the Individual Defendants are alleged to be liable under the FLSA and all allegations and claims in this complaint made as to the Individual Defendants are to be understood to also be against the "John Does I to XX" defendants.

26.  Each of the Apex Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are for those reasons and/or other reasons employers subject to the jurisdiction of the FLSA.

27.  Defendant Las Vegas Paving Corporation is a domestic corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

28.  Defendant TAB Contractors, Inc. is a domestic corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

29.  Defendant William Charles Construction Company is a corporation formed and existing pursuant to the laws of a state or jurisdiction other than the State of Nevada with its principal place of business in the State of Nevada in Clark County

1  Nevada.

2  30.  Defendant Harber Company, Inc. is a domestic corporation formed and existing pursuant to the laws of the State of Nevada with its principal place of business in Clark County Nevada.

31.  The defendants, Las Vegas Paving Corporation, TAB Contractors, Inc., William Charles Construction Company and Harber Company, Inc., (the "Original Contractor Defendants") have entered into contracts with one or more of the Apex Defendants for such Apex Defendants to perform work or services and provide labor to one of the Original Contractor Defendants under each of those contracts, such contracts also being a contract of the type described in NRS 608.150 and/or that contract between such Apex Defendant and such Original Contractor Defendant was subject to the requirements of NRS Chapter 338 and that Chapter's requirements for the payment of certain wages as set forth in NRS 338.020 to 338.075 and rendered that Apex Defendant a "Subcontractor" as defined by NRS 338.010(23) of a "Contract" as defined by NRS 338.010(3) entered into by such Original Contractor Defendant.

32.  The "XYZ Corporations I to XX" defendants are persons or entities whose identities are currently unknown to the plaintiff but when their identities are known will be appropriately identified in this case through an amended pleading, such "XYZ Corporations I to XX" persons or entities are alleged to be liable to the plaintiff and other persons similarly situated pursuant to Nevada law for the same reasons and in the same fashion that the Original Contractor Defendants are alleged to be liable to the plaintiff and such similarly situated persons under Nevada law and all allegations and claims in this complaint made as to the Original Contractor Defendants are to be understood to also be against the "XYZ Corporations I to XX" defendants.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO FAIR LABOR STANDARDS ACT ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED AGAINST THE APEX DEFENDANTS AND THE INDIVIDUAL DEFENDANTS**

33.  The named plaintiff brings this First Claim for Relief pursuant to 29 U.S.C.

§ 216(b) against the Apex Defendants and the Individual Defendants on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action, the FLSA collective action members.

34. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207, the named plaintiff and the FLSA collective action members were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff and the FLSA collective action members worked more than 40 hours per week for the Apex Defendants and the Individual Defendants and such defendants willfully failed to make said overtime wage payments.

35. For the purposes of this First Claim for Relief the persons similarly situated to the named plaintiff, the putative FLSA collective action members, all share the same trait possessed by the named plaintiff: they were incapable of operating any vehicle on behalf of the Apex Defendants or the Individual Defendants or engaging in other activities that would place them within the scope of the 29 U.S.C. § 213(b)(1) exemption to the overtime pay requirements of the FLSA (the Motor Carrier Act or "MCA overtime pay exemption"). Specifically, owing to their age, or their lack of appropriate licensure, and/or the specific operational limitations of the Apex Defendants, they could not operate, or potentially be assigned to operate, any motor vehicles that would cross state line, or engage or potentially engage in any other activities that would subject to them to the MCA overtime pay exemption.

36. The named plaintiffs on behalf of themselves and all other members of the putative FLSA collective action who consent in writing to join this action, seek, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiff and any such other persons who consent to join this action, and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO NRS 608.018 ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE APEX DEFENDANTS**

37.  The named plaintiff brings this Second Claim for Relief pursuant to NRS 608.018 against the Apex Defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claim as provided for by FRCP Rule 23.

38.  The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Second Claim for Relief (the "NRS 608.018 class") are all of the persons employed by the Apex Defendants within the statute of limitations applicable to claims under NRS 608.018 through the date of judgment in this case and who share the same relevant circumstances as the named plaintiff: they worked in excess of 40 hours a week, they did not receive time and one-half their regular rate of pay for such hours worked in excess of 40 hours a week, and they were not subject to the exemption to the overtime pay requirements of NRS 608.018 set forth in NRS 608.018(3)(f) because for one or more of the reasons alleged in paragraph 35 they were not subject to the MCA overtime pay exemption.

39.  The NRS 608.018 class may include one or more sub-classes if the Court finds that more manageable.

40.  The members of the NRS 608.018 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Apex Defendants' records through appropriate discovery.

41.  There is a well-defined community of interest in the questions of law and fact affecting the members of the NRS 608.018 class as a whole.

42.  Proof of a common or single set of facts will establish the right of each member of the NRS 608.018 class.  These common questions of law and fact predominate over questions that affect only individual class members.  The named plaintiff's claims are typical of those of the other members of such class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.018 class member claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the Apex Defendants' practices were uniform and the burden is on them to establish that their methods for compensating the class members complies with the requirements of Nevada law.

44. The named plaintiff will fairly and adequately represent the interests of the NRS 608.018 class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

45. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

46. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.018 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Apex Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

47. The named plaintiff on behalf of themselves and all other members of the NRS 608.018 class seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiff and the other class members along with an award of attorney's

fees, interest and costs as provided for by Nevada law.

### AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NRS 608.150 ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE ORIGINAL CONTRACTOR DEFENDANTS

48. The named plaintiff brings this Third Claim for Relief pursuant to NRS 608.150 against the Original Contractor defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claims as provided for by FRCP Rule 23.

49. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Third Claim for Relief (the "NRS 608.150 class") are all of the persons employed by the Apex Defendants within the two year statute of limitations applicable to claims under NRS 608.150 through the date of judgment in this case and who are also members of the NRS 608.018 class and/or the FLSA collective action and who share the same relevant circumstances as the named plaintiff: they are owed unpaid wages by the Apex Defendants, or one of such defendants, and such unpaid wages so owed also being earned by the named plaintiff or class member as a result of labor they performed on a project that was subject to a contract, of the sort specified in NRS 608.150(1), between one of the Original Contractor defendants and one or more of the Apex Defendants

50. The NRS 608.150 class may include one or more sub-classes if the Court finds that more manageable.

51. The members of the NRS 608.150 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Apex Defendants' records through appropriate discovery.

52. There is a well-defined community of interest in the questions of law and fact affecting the NRS 608.150 class as a whole.

53. Proof of a common or single set of facts will establish the right of each

member of the NRS 608.150 class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

54. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.150 class claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the relevant facts regarding the liability of the Original Contractor defendants, and their relationship with the Apex Defendants, are the same for all of such class members.

55. The named plaintiff will fairly and adequately represent the interests of the NRS 608.150 class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

56. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

57. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.150 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Original Contractor Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

58. The wages owed by the Apex Defendants to the named plaintiff and the

other members of the NRS 608.150 class resulted from the Apex Defendants' failure to pay such persons the overtime wages required by the FLSA and NRS 608.018 and/or the prevailing wages specified in NRS Chapter 338 and that Chapter's requirements for the payment of certain wages as set forth in NRS 338.020 to 338.075.

59.  Pursuant to NRS 608.150 the Original Contractor defendants are liable to the named plaintiff and the other members of the NRS 608.150 class for all unpaid wages owed to such persons by the Apex Defendants for the reasons alleged in paragraph 58.

60.  The named plaintiff on behalf of themselves and all other members of the NRS 608.150 class seeks a judgment against the Original Contractor defendants pursuant to NRS 608.150 for the unpaid wages owed to them by the Apex Defendants, such sums to be determined based upon a review of the relevant facts and an accounting of the hours worked by, and wages actually paid to, the named plaintiff and the other class members along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A FOURTH CLAIM FOR RELIEF PURSUANT TO NRS 608.135 ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED AGAINST THE APEX DEFENDANTS**

61.  The named plaintiff brings this Fourth Claim for Relief pursuant to NRS 608.135 against the Apex defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claims as provided for by FRCP Rule 23.

62.  The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Fourth Claim for Relief (the "NRS 608.135 class") are all of the persons who were formerly employed by the Apex Defendants, who are also members of the NRS 608.018 class and/or the FLSA collective action and have terminated their employment with the Apex Defendants and have not been paid their full wages owed to them by the Apex Defendants within the time period after such employment terminated, as provided for by NRS 608.020 or 608.030.  The named plaintiff is such a

former employee of the Apex Defendants and pursuant to NRS 608.135 all such persons are provided with a right to bring a civil action to collect such unpaid wages from the Apex Defendants.

63. The NRS 608.135 class may include one or more sub-classes if the Court finds that more manageable.

64. The members of the NRS 608.135 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Apex Defendants' records through appropriate discovery.

65. There is a well-defined community of interest in the questions of law and fact affecting the NRS 608.135 class as a whole.

66. Proof of a common or single set of facts will establish the right of each member of the NRS NRS 608.135 class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiff's claims are typical of those of the other members of such class.

67. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.135 class claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the relevant facts regarding the conduct of the Apex Defendants are the same for all of such class members.

68. The named plaintiff will fairly and adequately represent the interests of the NRS 608.135 class and has no interests that conflict with or are antagonistic to the interests of such class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

69. The named plaintiff and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently

discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

70. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.135 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Apex Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

71. The wages owed by the Apex Defendants to the named plaintiff and the other members of the NRS 608.135 class resulted from the Apex Defendants' failure to pay such persons the overtime wages required by the FLSA and NRS 608.018 and/or the prevailing wages specified in NRS Chapter 338 and that Chapter's requirements for the payment of certain wages as set forth in NRS 338.020 to 338.075.

72. The named plaintiff on behalf of themselves and all other members of the NRS 608.135 class seeks a judgment against the Apex Defendants for the unpaid wages owed to them by the Apex Defendants, such sums to be determined based upon a review of the relevant facts and an accounting of the hours worked by, and wages actually paid to, the named plaintiff and the other class members along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A FIFTH CLAIM FOR RELIEF PURSUANT TO NRS 608.040 AND 608.050 ON BEHALF OF THE NAMED PLAINTIFF AND ALL NRS 608.135 CLASS MEMBERS AGAINST THE APEX DEFENDANTS**

73. The named plaintiff brings this Fifth Claim for Relief pursuant to NRS 608.135 on behalf of the all members of the afore-alleged NRS 608.135 class against the Apex defendants as provided for by FRCP Rule 23 in respect to the claims held by all such persons pursuant to NRS 608.040 and 608.050.

74. The named plaintiff and the members of the NRS 608.135 class are

entitled to the relief and damages provided for by NRS 608.040 and 608.050, to wit, the payment of up to 30 days of wages pursuant to each such statute as severance pay or as a penalty as a result of the Apex Defendants' failure to pay such persons their full wages within the time period specified by Nevada law after such persons' termination of their employment with the Apex Defendants.

75. As a result of the foregoing the plaintiff and the members of the NRS 608.135 class seek a judgment against the Apex Defendants for all damages, wages, and penalties properly awarded to them pursuant to NRS 608.040 and 608.050 along with the other relief, such as a lien on such defendants' property, granted under such statutes, along with interest, costs and attorney's fees.

**AS AND FOR A SIXTH CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFF AND ALL PERSONS SIMILARLY SITUATED AS THIRD-PARTY CONTRACT BENEFICIARIES AGAINST THE APEX DEFENDANTS AND THE ORIGINAL CONTRACTOR DEFENDANTS**

76. The named plaintiff brings this Sixth Claim for Relief on behalf of themselves and all other similarly situated persons as third-party contract beneficiaries who are properly members of a class of similarly situated persons in respect to such claims against the Apex defendants and the Original Contractor Defendants as provided for by FRCP Rule 23.

77. The class of persons alleged by the named plaintiff to be similarly situated for the purpose of this Sixth Claim for Relief (the "Third-Party Contract Beneficiary class") are all of the persons who are also members of the NRS 608.018 class and/or the FLSA collective action and who, during the three-year period prior to the commencement of this case, provided labor for which they were intended beneficiaries of one or more contracts entered into between certain of the Apex Defendants and certain of the Original Contractor Defendants and/or between certain of the Apex Defendants or certain of the Original Contractor Defendants and a governmental entity that included a contract requirement that certain specified rates of public works

15

prevailing wages be paid (a "prevailing wage contract") to persons performing work contemplated by such contract, including, but not limited to, contracts subject to the provisions of NRS Chapter 338 and that Chapter's requirements for the payment of certain wages as set forth in NRS 338.020 to 338.075.

78.  The named plaintiff and the members of the Third-Party Contract Beneficiary class performed work contemplated by and subject to the provisions of one or more prevailing wage contracts and were intended beneficiaries of such contracts, to the extent such contracts provided that persons performing such work were to be paid at least a specified wage per hour, the prevailing wage rate.

79.  The named plaintiff and the members of Third-Party Contract Beneficiary class were paid less than the prevailing wage rate required by the prevailing wage contracts under which they performed work and the Apex Defendants and/or the Original Contractor Defendants who were parties to such contracts breached those contracts by failing to pay such full prevailing wage rate to the named plaintiff and such class members and/or ensure that such full prevailing wage rate was paid.

80.  The named plaintiff and the members of the Third-Party Contract Beneficiary class, as intended beneficiaries of the of the prevailing wage contracts under which they performed work, were entitled to recover the damages they sustained, in the form of lost earnings, and the Apex Defendants and/or the Original Contractor Defendants who breached such contracts

81.  The named plaintiff on behalf of themselves and all other members of the Third-Party Contract Beneficiary class seeks a judgment against the Apex Defendants and the Original Contractor Defendants for the damages they sustained during the three-years prior to the commencement of this case as a result of the breach by the Apex Defendants and the Original Contractor Defendants of their prevailing wage contracts, such sums to be determined based upon a review of the relevant facts and an accounting of the hours worked by, and wages actually paid to, the named plaintiff and the other class members along with an award of attorney's fees, interest and costs as

provided for by Nevada law.

Wherefore, the plaintiff demands a judgment on all claims for relief as alleged aforesaid.

Plaintiff demands a trial by jury on all issues so triable.

Dated this 22nd day of November, 2022

        Leon Greenberg Professional Corporation

        By: /s/ *Leon Greenberg*
        LEON GREENBERG, Esq.
        Nevada Bar No.: 8094
        1811 S. Rainbow Blvd- Suite 210
        Las Vegas, Nevada 89146
        (702) 383-6085

        Attorney for Plaintiff

CONSENT TO JOINDER

          Lance D. Stuckey, Jr. by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

              _____
              Lance D. Stuckey, Jr.